UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODERIC MARTEZ ROOKS,

      Petitioner,                            Case No.17-10666

v.                                       HON. AVERN COHN

SHAWN BREWER,

      Respondent.

_____/

## MEMORANDUM AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS
### (Doc. 4)
### AND
### DIRECTING RESPONDENT TO FILE AN ANSWER

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Roderic Martez Rooks, a state prisoner, challenges his convictions on drug and weapons offenses. Before the Court is Respondent's motion to dismiss on the grounds that the petition was not timely filed. For the reasons that follow, the motion will be denied.

### II. Background

Following his convictions after a bench trial, Petitioner filed an appeal of right with the Michigan Court of Appeals. The Michigan Court of Appeals affirmed Petitioner's convictions. People v. Rooks, No. 307180, 2013 WL 1689277 (Mich.Ct.App. Apr. 18, 2013). The Michigan Supreme Court denied leave to appeal. People v. Rooks, 495 Mich. 854 (2013). On September 24, 2014, the United States Supreme Court denied certiorari. Rooks v. Michigan, 134 S. Ct. 1291 (2014).

Petitioner then filed a motion for relief from judgment with the trial court three

hundred and thirty seven days later, on January 28, 2015. The trial court denied the motion. People v. Rooks, No. 11-235719-FC (Oakland Cty. Cir. Ct., Dec. 18, 2015). The Michigan Court of Appeals and Michigan Supreme Court denied leave to appeal. People v. Rooks, No. 331634 (Mich.Ct.App. May 13, 2016); People v. Rooks, 500 Mich. 933 (2017) (Jan. 31, 2017). Petitioner then apparently filed a motion for reconsideration with the Michigan Supreme Court, which was rejected on February 22, 2017. See Doc. 15 from Michigan Court of Appeals Docket. No. 331634, Respondent's Appendix E. Petitioner, through counsel, filed the instant petition on March 2, 2017.

III. Discussion

Habeas petitions are subject to a one-year statute of limitations. The relevant statute provides that the statute runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, direct review of Petitioner's conviction ended on February 24, 2014, when the United States Supreme Court denied certiorari. See Clay v. U.S., 537 U.S. 522, 529, n. 4 (2003). Petitioner therefore had one year, or until February 24, 2015, to timely file a petition, unless the limitations period was tolled.

As noted above, Petitioner filed a motion for relief from judgment with the trial court on January 28, 2015, after three hundred and thirty seven days had already elapsed on the one year statute of limitations.  The petition was then tolled as of January 28, 2015 and remained until final resolution.  See 28 U.S.C. § 2244(d)(2);  Corbin v. Straub, 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001).  The Michigan Supreme Court denied Petitioner's post-conviction appeal on January 31, 2017.

The parties disagree on when the limitations period began to run again. Respondent argues that the statute of limitations began running again on January 31, 2017, when the Michigan Supreme Court denied Petitioner's application for leave to appeal the denial of his post-conviction motion.  At that time, Petitioner had twenty eight days remaining under the statute of limitations, or until March 1, 2017, to timely file a petition.  Because the petition was not filed until March 2, 2017, Respondent says it is late.

Petitioner argues that the statute of limitations should remain tolled during the twenty one day period that he had to file a motion for reconsideration with the Michigan Supreme Court, regardless of whether he actually filed a motion for reconsideration or whether the motion was timely.  Under Petitioner's calculation, the statute of limitations would begin running anew on Febraury 22, 2017, when the 21 day period for filing a motion for rehearing with the Michigan Supreme Court expired.  Petitioner would have until March 21, 2017 to file a petition.  Thus, the petition filed on March 2, 2017 was timely.

Putting aside Petitioner's argument, under Respondent's calculation, the petition was filed only one day late.  The statute of limitations "is subject to equitable tolling in

appropriate cases." <u>Holland v. Florida</u>, 560 U.S. 631, 645 (2010). Although courts "must be governed by rules and precedents no less than the courts of law[.]", the "exercise of a court's equity powers ... must be made on a case-by-case basis." <u>Id.</u>, at 649-50 (internal quotations omitted). The "flexibility" inherent in "equitable procedure" enables courts "to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct ... particular injustices." <u>Id.</u> at 650. Further, because the statute of limitations does not constitute a jurisdictional bar to habeas review, a federal court, can, in the interest of judicial economy, proceed to the merits of a habeas petition. See <u>Smith v. State of Ohio Dept. of Rehabilitation</u>, 463 F. 3d 426, 429, n. 2 (6th Cir. 2006).

Here, it is more efficient to adjudicate Petitioner's claims on the merits "than to untangle the complexities of the timeliness issue." See <u>Jones v. Bowersox</u>, 28 F. App'x. 610, 611 (8th Cir. 2002).

IV. Conclusion

Accordingly, Respondent's motion to dismiss is DENIED.

Respondent shall file an answer addressing the merits of petitioner's habeas

claims and any Rule 5 materials that have not already been submitted to the Court within sixty (60) days of the date of this order.

4

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 10/12/2017
      Detroit, Michigan