UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RODERIC MARTEZ ROOKS,

    Petitioner,                                               Case No. 17-10666

v.                                                             HON. AVERN COHN

SHAWN BREWER,

    Respondent.
_____/

**MEMORANDUM AND ORDER**
**DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND**
**DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Roderic Martez Rooks, through counsel, challenges his conviction in Oakland County Circuit Court for delivery/manufacture of 1000 or more grams of cocaine, M.C.L. § 333.7401(2)(a)(i), delivery/manufacture of 50 to 450 grams of cocaine, M.C.L. § 333.7401(2)(a)(iii), delivery/manufacture of 5 to 45 kilograms of marijuana, M.C.L. § 333.7401(2)(d)(ii)), and three counts of felony-firearm, M.C.L. § 750.227b. Respondent, through the Attorney General's Office, filed a response, arguing that petitioner's claims are non-cognizable or without merit. For the reasons that follow, the petition will be denied.

**II. Procedural History**

Petitioner was convicted of the above offenses following a bench trial. Petitioner's conviction was affirmed on appeal. People v. Rooks, No. 307180, 2013 WL 1689277 (Mich.Ct. App. Apr. 18, 2013); lv. den., 495 Mich. 854 (2013); cert. den. sub

nom. Rooks v. Michigan, 134 S. Ct. 1291 (2014).

Petitioner then filed a post-conviction motion for relief from judgment. The trial court denied the motion. People v. Rooks, No. 11-235719-FC (Oakland Cty. Cir. Ct., Dec. 18, 2015). The Michigan appellate courts denied petitioner leave to appeal. People v. Rooks, No. 331634 (Mich. Ct. App. May 13, 2016); lv. den. 500 Mich. 933 (2017).

Petitioner seeks habeas relief on the following grounds:

I. Petitioner was denied due process when the Michigan courts refused to allow Petitioner to conduct a Franks hearing, which precluded Petitioner due process and the opportunity to fully and fairly litigate his claims raised in his pretrial motion to suppress.

II. Petitioner was denied effective assistance of counsel by counsel's failure to fully litigate his claims raised in his pretrial motion to suppress, and when counsel failed to take available steps to ensure that his only defense witness would be called at trial, after the court had refused to grant an adjournment.

III. Petitioner was denied due process when the pretrial motion to suppress demonstrated that the averments in the affidavit for the search warrant were false and misleading, which led to constitutionally tainted evidence being used against Petitioner at trial.

IV. Petitioner was denied a fair trial when the trial court denied defense counsel's request for a short adjournment when defense witness Edward Sims, informed defense counsel that he would invoke his Fifth Amendment right and not testify, due to the fact that the prosecutor was in the process of appealing the charges that were dismissed against Sims, and a decision on the prosecutor's appeal was expected within a few days.

V. Petitioner should be granted a new trial on the basis of newly available evidence, pursuant to the test announced by the First Circuit Court of Appeals in United States v Montilla-Rivera, 115 F3d 1060, 1066 (CA1, 1997).

VI. Petitioner was denied a fair trial because the prosecutor's actions precluded defense counsel from presenting his only defense witness at trial.

## III. Facts

The material facts leading to petitioner's conviction are recited verbatim from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant's convictions arise from the discovery of cocaine, marijuana, and firearms during police searches of his house and separate apartment in Southfield. Both searches were conducted pursuant to search warrants. Before the warrants were issued, the police conducted surveillance of defendant at his apartment complex. During that surveillance, Detective Paul Kinal observed defendant engage in a hand-to-hand transaction in the parking lot. According to Kinal, defendant handed a brown paper bag to Edward Sims, who was inside a vehicle, and Sims then left in his vehicle. Kinal followed Sims's vehicle and arranged for another officer to stop the vehicle. Following the stop, a search of Sims led to the discovery of a brown paper bag inside Sims's coat pocket. The bag contained a substance that field-tested positive for cocaine. The police thereafter obtained a search warrant for defendant's apartment, where they discovered various quantities of cocaine and a firearm. The police then obtained a search warrant for defendant's house, where they discovered additional quantities of cocaine and marijuana along with additional firearms.
>
> Defendant filed a motion to suppress the evidence recovered during the searches, arguing that the search warrants were invalid because they were based on false or tainted information. Defendant primarily attacked the validity of the original search warrant for the apartment, and argued that all the evidence discovered during the searches of both his apartment and his house was required to be suppressed as the fruit of the poisonous tree. Defendant argued that the search warrant for his apartment was improperly based on information supplied by an unnamed person without any basis for believing that the person was credible or that the information provided was reliable. Defendant also questioned whether the unnamed person actually existed. In addition, defendant argued that the search warrant affidavit falsely stated that, after Sims was arrested, he made statements implicating defendant in drug trafficking. According to defendant, Sims denied making any statements regarding defendant. Defendant also argued that it was improper to consider allegations relating to the search of Sims after the police stopped Sims's vehicle because, in the separate criminal case against Sims, the court determined that the search was unconstitutional. Defendant argued that after removing all of the tainted allegations in Kinal's search warrant

3

affidavit for the apartment, the remaining allegations were insufficient to support a finding of probable cause to search the apartment and, therefore, the resulting search warrant was invalid.

The trial court denied defendant's motion to suppress, concluding that the search warrants were properly based on probable cause. Although defendant had requested an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154; 98 S.Ct. 2674; 57 L.Ed.2d 667 (1978), to determine whether false information was improperly included in the search warrant affidavits, the trial court denied the request because it determined that the allegedly false information was not necessary to support a finding of probable cause.

People v. Rooks, 2013 WL 1689277, at * 1–2.

## IV. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court

4

concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011)(citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. See Woods v. Etherton, 136 S. Ct. 1149, 1152 (2016).

## V. Petitioner's Claims

### A. Fourth Amendment

Petitioner's first and third claims challenge the trial court's denial of his motion to suppress and denial of his request for an evidentiary hearing under Franks v Delaware, 438 US 154 (1978). Habeas review of a petitioner's claims are barred if the state provides a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. Stone v. Powell, 428 U.S. 465, 494-95 (1976); Machacek v. Hofbauer, 213 F. 3d 947, 952 (6th Cir. 2000). In for such an opportunity to have existed, the state must provide, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the Fourth Amendment claim must not have been frustrated by a failure of that mechanism. Riley v. Gray, 674 F. 2d 522, 526 (6th Cir. 1982). The only relevant

5

question is whether a habeas petitioner had an opportunity to litigate his or her claims, not whether he or she actually did so or even whether the Fourth Amendment claim was correctly decided. See Wynne v. Renico, 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003); rev'd on other grds 606 F.3d 867 (6th Cir. 2010). Under Stone, the correctness of a state court's conclusions involving a Fourth Amendment claim "is simply irrelevant." See Brown v. Berghuis, 638 F. Supp, 2d 795, 812 (E.D. Mich. 2009). "The courts that have considered the matter 'have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the Stone v. Powell bar.'" Id. (quoting Gilmore v. Marks, 799 F. 2d 51, 57 (3rd Cir. 1986)).

In Good v. Berghuis, 729 F. 3d 636, 638-40 (6th Cir. 2013), the Sixth Circuit held that "[t]he 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his [or her] claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." Id. at 639. The Sixth Circuit also said that "[I]n the absence of a sham proceeding, there is no need to ask whether the state court conducted an evidentiary hearing or to inquire otherwise into the rigor of the state judiciary's procedures for resolving the claim." Id.

Here, it is undisputed that Petitioner was able to present his Fourth Amendment claims to the trial court in his motion to suppress. Petitioner was later able to present his Fourth Amendment claims to the Michigan appellate courts. The Michigan Court of Appeals fully considered the claim before finding it without merit. This is sufficient, under Good,[1] to preclude review of the claims on habeas review, even if the trial court

---

[1] As Petitioner concedes, the majority of circuits are in accord with the holding in Good. Petitioner, however, notes that the Ninth, Tenth, and Eleventh Circuits have

did not hold a hearing on the issue.

## B. Ineffective Assistance of Counsel

Petitioner in his second claim argues he was denied the effective assistance of trial counsel. Ineffective-assistance claims are reviewed under the two-part test of Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires a defendant to show that counsel's performance was deficient and that the deficient performance prejudiced the defense such that the defendant was denied a fair trial. Id. at 687. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. The test for prejudice is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Significantly, on habeas review, the question becomes "not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington v. Richter, 562 U.S. 86, 105 (2011).

**1.**

Petitioner first contends that trial counsel was ineffective for failing to file an interlocutory appeal with the Michigan Court of Appeals after the trial court denied his request for a Franks hearing.

---

looked at the adequacy of the state's procedures for addressing Fourth Amendment claims. See Anderson v Calderon, 232 F.3d 1053, 1068 (9th Cir. 2000); Gamble v Oklahoma, 583 F.2d 1161, 1165 (10th Cir. 1978); Tukes v Dugger, 911 F.2d 508, 514 (11th Cir. 1990). Despite a disagreement in the circuits, Good is the controlling law in this Circuit which the Court is bound to follow. See Brown v. Cassens Transport Co., 492 F. 3d 640, 646 (6th Cir. 2007).

7

The Michigan Court of Appeals rejected the claim, finding that trial counsel "properly preserved the issue by repeatedly requesting an evidentiary hearing in the trial court. Counsel was not required to further file an interlocutory appeal to preserve that issue for appellate review." People v. Rooks, 2013 WL 1689277, at * 5, n. 2. [2]

Petitioner cannot show that he was prejudiced by trial counsel's failure to file an interlocutory appeal because the court of appeals found petitioner's Fourth Amendment claims to be preserved for appellate review, addressed them on his appeal of right, and found them to be meritless. Petitioner is not entitled to habeas relief on this ground.

**2.**

Petitioner next claims that trial counsel was ineffective for failing to call his co-defendant Edward Sims to testify at trial. The Michigan Court of Appeals rejected the claim.[3] Petitioner says he wanted to call Sims to testify at trial but Sims indicated he would exercise his Fifth Amendment right against self-incrimination while the prosecutor attempted to appeal the dismissal of the charges. Petitioner says that trial counsel should have either obtained an adjournment of the trial until the prosecutor's appeals were completed or sought limited immunity for Sims from the prosecutor so that he could testify on petitioner's behalf.

Petitioner raised this claim on his post-conviction motion for relief from

---

[2]The Michigan Court of Appeals' rejection of Petitioner's ineffective assistance of counsel claim in a footnote is sufficient to trigger the AEDPA's deferential standard of review. See Kubsch v. Neal, 838 F.3d 845, 859 (7th Cir. 2016).

[3]Sims successfully moved to suppress the evidence seized from his vehicle and the charges against him were dismissed in the district court. The prosecutor appealed to the circuit court but was unable to get the charges against Sims reinstated.

8

judgment. In support, Petitioner attached an affidavit from Sims. The bulk of the affidavit involves Sims denying that he made any of the statements to the police that were used by them in their affidavit to obtain a search warrant in this case. Sims does, however, state "That if I had testified at Mr. Rooks' trial, I would have testified in his favor." Sims, however, does not elaborate on what his proposed trial testimony would have been.

The trial court denied relief on the grounds that Petitioner failed to show that Sims would have provided testimony that would have exonerated Petitioner. People v. Rooks, No. 11-235719-FC, *6-7. This conclusion is reasonable. A defense counsel has no obligation to present evidence or testimony that would not have exculpated the defendant. See Millender v. Adams, 376 F. 3d 520, 527 (6th Cir. 2004)(internal quotation omitted). Petitioner has not shown that Sims would have provided exculpatory trial testimony. Trial counsel was therefore not ineffective in failing to take steps to assure his presence at trial. Habeas relief is not warranted on this ground.

### C. Continuance

Petitioner next says that the trial court denied him due process by refusing to adjourn the trial until defense counsel could obtain Sims to testify at trial. In criminal proceedings, a trial court's denial of a continuance rises to the level of a due process constitutional violation only when there is an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay. See Burton v. Renico, 391 F. 3d 764, 772 (6th Cir. 2004). In order to obtain habeas relief, a habeas petitioner must show that the denial of the request for a continuance resulted in actual prejudice to the defense. Id.;See also Powell v. Collins, 332 F. 3d 376, 396 (6th Cir. 2003).

Actual prejudice may be demonstrated by showing that additional time would have made relevant witnesses available or otherwise benefitted the defense. Powell, 332 F. 3d at 396.

Here, Petitioner has failed to show that the trial court's denial of a continuance deprived him of a fundamentally fair trial. He has not stated with any specificity the content of Sims' anticipated testimony nor has he established that his trial testimony (as opposed to any testimony at a Franks hearing) would have been favorable to the defense. Accordingly, Petitioner is not entitled to relief on his claim.

**D. Newly Discovered Evidence**

Petitioner further contends that he is entitled to habeas relief based on "newly available evidence" in the form of Sims' affidavit. Petitioner says that Sims was only now available to testify once the prosecutor was unable to reinstate the charges against him.

In Herrera v. Collins, 506 U.S. 390, 400 (1993), the Supreme Court held that claims of actual innocence based on newly discovered evidence fail to state a claim for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the constitution, not to correct errors of fact. Id., See also McQuiggin v. Perkins, 569 U.S. 383, 392 (2013)("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence"). Freestanding claims of actual innocence are thus not cognizable on federal habeas review, absent independent allegations of constitutional error at trial. See Cress v. Palmer, 484 F.3d 844, 854-55 (6th Cir. 2007)(collecting

cases). As discussed above, Petitioner has not shown an underlying constitutional violation related to Sims' affidavit or anticipated testimony. Petitioner is therefore not entitled to relief on his claim.

### E. Prosecutorial Misconduct

Lastly, Petitioner claims that the prosecutor engaged in misconduct by taking steps to prevent Sims from testifying at Petitioner's trial. Petitioner essentially argues that the prosecutor improperly continued to appeal the dismissal of Sims' criminal case for the sole purpose of causing Sims to invoke his Fifth Amendment right against self-incrimination and thus prevent him from testifying at Petitioner's trial.

In order to obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his or her prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Parker v. Matthews, 567 U.S. 37, 48 (2012)(quoting Harrington, 562 U.S. at 103).

Petitioner has provided no evidence to this court or to the state courts to show that the prosecutor continued to pursue Sims' case against him in order to prevent him from testifying at petitioner's trial. Conclusory allegations by a habeas petitioner, without any evidentiary support, do not provide a basis for habeas relief. See, e.g., Washington v. Renico, 455 F. 3d 722, 733 (6th Cir. 2006); Johnson v. Renico, 314 F. Supp. 2d 700, 710 (E.D. Mich. 2004)(conclusory allegations of prosecutorial misconduct fail to state a claim upon which habeas relief can be granted). Petitioner's conclusory allegations do not support a claim for relief.

11

Further, as discussed above, Petitioner has not shown that Sims would have offered exculpatory evidence had he testified. "To establish a claim of witness intimidation, a defendant must present 'government conduct which amounts to substantial interference with a witness' free and unhampered determination to testify' and must prove that any inappropriate conduct was not harmless." <u>United States v. Meda</u>, 812 F. 3d 502, 517 (6th Cir. 2015)(quoting <u>United States v. Stuart</u>, 507 F.3d 391, 398 (6th Cir. 2007)). Thus, even assuming the prosecutor improperly prevented Sims from testifying, any error was harmless because there is no showing that Sims would have exonerated Petitioner.

## VI. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus is DENIED. Further, because jurists of reason would not debate the Court's conclusions, the Court DECLINES to issue a certificate of appealability on Petitioner's claims.[4]

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: **2/13/2018**

Detroit, Michigan

---

[4] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.